UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MICHAEL WILLIAMS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>J.P. MORGAN CHASE BANK, N.A.,<br><br>Defendant. | Case No. 3:22-cv-07149-JD<br><br>**ORDER RE MOTION TO DISMISS** |

Plaintiff Michael Williams alleges that his former office manager, Lylee Kazem, capitalized on his vulnerable state during a 2019 hospitalization by persuading him to transfer $154,000 of his funds to what was ostensibly a corporate account for his business, plaintiff Immunogenetics.com, Inc. *See* Dkt. No. 1 ¶¶ 1, 10-12. Williams says that he placed an order to wire the funds to a Bank of America account that Kazem opened, but the funds ended up being routed to an account that Kazem opened at defendant J.P. Morgan Chase Bank, N.A. (Chase). *See id.* ¶¶ 12-13. Williams alleges that he contacted Chase to get his money back, he was assured by Chase employees that the funds were "frozen" pending resolution of the dispute, and -- after years of trying to retrieve the money -- he learned from Chase that the account balance had been paid to Kazem. *See id.* ¶¶ 15-19. The complaint alleges claims against Chase alone for: (i) violations of federal banking law; (ii) violations of the California Commercial Code and common law; (iii) civil conspiracy; (iv) violation of California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200 *et seq.*; (v) fraud; and (vi) intentional infliction of emotional distress. *See id.* ¶¶ 32-62.

Chase asks to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 11. The parties' familiarity with the record is assumed, and the complaint is dismissed with leave to amend.

**LEGAL STANDARDS**

The standards that govern a Rule 12(b)(6) motion to dismiss are well established, and are incorporated here. *See McLellan v. Fitbit, Inc.*, No. 3:16-cv-00036-JD, 2018 WL 2688781, at *1 (N.D. Cal. June 5, 2018); *BPi Bright Power, Inc. v. Umpqua Holding Corp.*, No. 22-cv-03285-JD, 2023 WL 3029237, at *1 (N.D. Cal. Apr. 19, 2023). In pertinent part, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint make "a short and plain statement of the claim showing that the pleader is entitled to relief." To meet that rule and survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Rule 9(b) requires that "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *see also McLellan*, 2018 WL 2688781, at *1. The touchstone of Rule 9(b) is notice. "A pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). A "pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *United States ex rel. Silingo v. WellPoint, Inc.*, 904 F.3d 667, 677 (9th Cir. 2018) (internal quotations and citation omitted); *see also In re Wells Fargo Forbearance Litig.*, No. 20-cv-06009-JD, 2023 WL 3237501, at *1 (N.D. Cal. May 2, 2023).

Chase says that Rule 9(b)'s heightened specificity standards should apply to all of Williams's claims. *See* Dkt. No. 11 at 11. But Williams's claims for violations of federal banking law and the California Commercial Code are based not on fraudulent representations but on Chase's alleged failure to adhere to its "verification obligations" in allowing Kazem to open a corporate account for Immunogenetics and accepting a wire transfer into that account from

2

Williams's personal bank account. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (Rule 9(b) only applies to claims where fraud is an essential element).

## DISCUSSION

### I. CLAIMS RE BANKING LAW AND REGULATIONS

Plaintiffs' first and second claims for violations of federal banking law and the California Commercial Code (and/or common law) are dismissed with leave to amend. Chase says that plaintiffs "fail to identify" the specific federal and state laws it violated, and the "specific acts supporting such alleged violations." Dkt. No. 11 at 12. As it stands, the complaint is impermissibly vague and falls short of plausibly stating a claim for relief.

Plaintiffs allude to a few laws and regulations that Chase allegedly violated, *see* Dkt. No. 1 ¶¶ 22-29, although their citations are at times haphazard and some of the cited authorities are unaccompanied by any meaningful explanation of what they require or how Chase violated their provisions. For instance, plaintiffs cite 31 C.F.R. § 103.121 for the proposition that Chase was required to adopt procedures to verify the identities of their customers, but Part 103 of Title 31 of the Code of Federal Regulations was removed effective 2011. *See* Transfer and Reorganization of Bank Secrecy Act Regulations, 75 Fed. Reg. 65806-01, 65812 (Oct. 26, 2010). The "Customer Identification Programs" referred to in the complaint are now discussed at 31 C.F.R. § 1020.220. Plaintiffs also cite 32 U.S.C. § 5311, a section of the United States Code that does not exist, and 12 U.S.C. § 1818(a), a section that deals with the termination of a depository institution's status as an insured depository institution and bears no apparent relevance to the claims at issue.

Dismissal is warranted as neither the Court nor defendant should have to guess at the laws and regulations that plaintiffs rely upon, or at how Chase's conduct measures up to them. In deciding whether to renew the federal claim in an amended complaint, plaintiffs should consider whether they have a private right of action under any of the relevant federal banking laws. *See, e.g.*, *AmSouth Bank v. Dale*, 386 F.3d 763, 777 (6th Cir. 2004) ("[T]he Bank Secrecy Act does not create a private right of action."); *Venture Gen. Agency, LLC v. Wells Fargo Bank, N.A.*, No. 19-cv-02778-TSH, 2019 WL 3503109, at *7 (N.D. Cal. Aug. 1, 2019) ("[C]ourts are unanimous in holding that there is no private right of action under the [Bank Secrecy Act] or Patriot Act.").

## II. CIVIL CONSPIRACY

Chase requests dismissal of the civil conspiracy claim on the grounds that it is not a standalone cause of action and that plaintiffs have not adequately alleged the elements of a conspiracy. "Conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510-11 (1994). "A civil conspiracy 'must be activated by the commission of an actual tort.'" *AREI II Cases*, 216 Cal. App. 4th 1004, 1021 (2013) (quoting *Applied Equipment*, 7 Cal. 4th at 511). "The elements of a civil conspiracy are (1) the formation of a group of two or more persons who agreed to a common plan or design to commit a tortious act; (2) a wrongful act committed pursuant to the agreement; and (3) resulting damages." *City of Industry v. City of Fillmore*, 198 Cal. App. 4th 191, 212 (2011).

The civil conspiracy claim is dismissed with leave to amend. Plaintiffs do identify the tort (conversion) that underlies their claim. They say that Chase "conspired with Kazem to convert (i.e. steal) the 154,000 dollars belonging to Plaintiffs into the wrongful possession and control of Kazem." Dkt. No. 1 ¶ 43. But plaintiffs have not plausibly alleged that Chase and Kazem "agreed to a common plan or design to commit a tortious act." While plaintiffs contend that Chase acted in "willful, wanton and reckless disregard of [its] verification obligations," *id.*, that allegation falls short of showing any kind of agreement, tacit or express, between Chase and Kazem to convert plaintiffs' funds.

## III. FRAUD AND UCL CLAIMS

The fraud claim falls short, as it is pleaded. Chase argues that the complaint does not sufficiently allege intent or justifiable reliance. *See* Dkt. No. 11 at 16-17; *see also Deno*, 2022 WL 4112358, at *3 ("The elements of fraud under California law are (1) a misrepresentation (i.e., a false representation, concealment, or nondisclosure), (2) scienter or knowledge of its falsity, (3) intent to induce reliance, (4) justifiable reliance, and (5) resulting damage."). Indeed, nowhere in the complaint is it alleged that Chase or its employees intended to induce Williams to rely on the misrepresentation that the funds in the Immunogenetics account were frozen. And while the

4

complaint says that Williams relied upon the misrepresentation by "refraining from taking various actions," Dkt. No. 1 ¶ 55, the nature of the reliance could be spelled out in greater detail. Dismissal with leave to amend is warranted.

The same goes for plaintiffs' UCL claim. "California's UCL prohibits any 'unlawful, unfair, or fraudulent business act or practice.'" *Rosell v. Wells Fargo Bank, N.A.*, No. 12-cv-06321-JD, 2014 WL 4063050, at *5 (N.D. Cal. Aug. 15, 2014) (quoting Cal. Bus. & Prof. Code § 17200). "When analyzing a UCL claim, courts consider each of the three prongs to determine whether a practice is unlawful, unfair, or fraudulent." *Id.* Plaintiffs rest their ability to satisfy the "unlawful" and "fraudulent" prongs on claims that have been dismissed. *See* Dkt. No. 21 at 10-11. And the complaint is impermissibly vague with respect to how Chase's actions satisfy the "unfair" prong. Moreover, plaintiffs have not offered any case law or statutory analysis suggesting how the "unfair" prong might apply to the facts alleged here.

## IV. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Chase asks to dismiss Williams's intentional infliction of emotional distress claim, asserting that the complaint "does not set forth a plausible basis to demonstrate that Chase harbored some intent to cooperate with Kazem to steal money from Williams for the purpose of causing Williams emotional distress." Dkt. No. 11 at 18. Chase also says the claim should be dismissed because Williams does not adequately plead his emotional distress. *See id.*

"The elements of the tort of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1001 (1993) (internal quotations and citation omitted). "[T]he complained-of conduct must be outrageous, that is, beyond all bound of reasonable decency." *Barker v. Fox & Assocs.*, 240 Cal. App. 4th 333, 356 (2015). "The extreme and outrageous character of the conduct may arise from the actor's knowledge that the other is peculiarly susceptible to emotional distress, by reason of some physical or mental condition or peculiarity." *Hailey v. Cal. Physicians' Serv.*, 158 Cal. App. 4th

5

452, 474 (2007) (cleaned up).  While the question of "whether conduct is 'outrageous' is usually a question of fact," *So v. Shin*, 212 Cal. App. 4th 652, 672 (2013), "many cases have dismissed intentional infliction of emotional distress cases on demurrer, concluding that the facts alleged do not amount to outrageous conduct as a matter of law," *Barker*, 240 Cal. App. 4th at 356.

The intentional infliction of emotional distress claim is dismissed with leave to amend.  In opposing Chase's motion, Williams cites no case law but instead says that it is "self-evident" that Chase's conduct, as alleged in the complaint, was "extreme and outrageous" and "outside the boundaries of basic decency in civilized society."  Dkt. No. 21 at 14.  He relies in part on his "terrible [medical] condition" at the time of his interactions with Chase.  *Id.*  But while his vulnerable state may be relevant to assessing the outrageousness of Chase's conduct, the complaint does not adequately allege that anyone at Chase would have had reason to be aware of his condition.  Williams's opposition papers also contend that "the really heavy emotional distress landed on him like a ton of bricks only after his . . . attorney informed him in late September 2022 that the attorney had just been told by the Chase attorney that Chase had long since handed all the abusively extracted money to Kazem and then lied for nearly three years that it had not done this." *Id.* at 15.  But the complaint says that "Chase's attorney refused to reveal the date this payment was made."  Dkt. No. 1 ¶ 19.  The allegations in the complaint are inconsistent with the allegations that Williams now relies upon to support his theory of emotional distress.

## CONCLUSION

The complaint is dismissed with leave to amend.  Plaintiffs may file an amended complaint that is consistent with this order by June 9, 2023.  No new claims or parties may be added without the Court's prior approval.  A failure to meet this deadline will result in dismissal with prejudice under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  May 22, 2023

JAMES DONATO
United States District Judge