UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WILLIAMS, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>J.P. MORGAN CHASE BANK, N.A.,<br><br>　　　　Defendant. | Case No. 3:22-cv-07149-JD<br><br>**SECOND ORDER RE MOTION TO DISMISS** |

This litigation arises out of a transfer of plaintiff Michael Williams's personal funds to an account at J.P. Morgan Chase, N.A. (Chase), which was opened in the name of plaintiff Immunogenetics.com (Immunogenetics), a company owned and controlled by Williams. Dkt. No. 40 (amended complaint). This is the second round of pleadings motions with respect to the sufficiency of the allegations in the complaint, and the parties' familiarity with the record is assumed. A summary of the salient facts is provided in the order dismissing the prior complaint with leave to amend. Dkt. No. 36.

Chase has moved to dismiss plaintiffs' amended complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt No. 43. The amended complaint is dismissed.

**I.   STANDING**

Chase says that the misappropriated funds belonged to Williams, not Immunogenetics, and consequently, Immunogenetics should be dismissed for lack of Article III standing. Plaintiffs say that Chase waived a standing challenge by not raising it in the prior motion to dismiss, and that Immunogenetics was in fact concretely harmed when Chase transferred funds to Kazem that were intended for Immunogenetics.

Article III standing is a non-waivable jurisdictional requirement. To satisfy the requirements of Article III, a plaintiff must show: (1) it has suffered an injury in fact that is (a)

concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Sys. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000). A suit brought by a plaintiff lacking Article III standing is "not a case or controversy" and cannot be adjudicated by an Article III court. *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004).

Immunogenetics has standing to sue. Williams alleges that Immunogenetics was the intended recipient of the transfer, and sent the funds to a Chase account that he was led to believe was owned by Immunogenetics. Dkt. Nos. 40 ¶ 12, 44 at 7. As a result, Immunogenetics was denied the benefit of the transfer, and so suffered an injury in fact sufficient to confer standing to sue.

## II. CALIFORNIA COMMERCIAL CODE SECTIONS 3306 AND 3307

Section 3306 authorizes claims against persons "taking an instrument, other than a person having rights of a holder in due course." Cal. Com. Code § 3306. Under Section 3302(a)(2)(e), a taker cannot be a holder in due course if the instrument was taken with notice of a claim. Section 3307 authorizes a represented person may assert a claim against a taker because of the taker's awareness of a breach of fiduciary duty.

Plaintiffs' amended complaint presented a rather inchoate theory of why Chase might be liable under Sections 3306 and 3307. *See* Dkt. No. 40 ¶¶ 25-27. In the opposition brief, plaintiffs add that, to transfer $154,000 from the Immunogenetics Chase account to her personal account, Kazem wrote a check -- the ostensible relevant "instrument" -- from the Chase account to her personal account. Dkt. No. 44 at 7-8. Chase transferred these funds to Kazem's personal account, which, plaintiffs say, made Chase a "taker" of the instrument. *Id.* Because of Williams's December 2019 conversations with Chase agents, Chase is said to have been on notice of Kazem's breach of fiduciary duty when it transferred these funds to Kazem's account, and that, as a result, plaintiffs may assert their claim against Chase. Dkt. No. 40 ¶ 27.

The points are not well taken. Even giving plaintiffs, purely for discussion, the benefit of looking at allegations in the opposition brief, the claims cannot proceed. To start, the statements

2

1  in opposition are inconsistent with the amended complaint. Plaintiffs say that Chase "sen[t]," not
2  received, a "check or other payment method to [Kazem's] home address," *Id.* ¶ 26, which
3  contradicts plaintiffs' later assertion that Chase "received and accepted . . . the instrument." Dkt.
4  No. 44 at 7. This inconsistency undercuts plaintiffs' theory that Chase is a "taker" under Section
5  3306. Dkt. No. 40 ¶ 26.

6  In addition, plaintiffs did not adequately state that Chase had notice of Kazem's alleged
7  breach of fiduciary duty. Section 3307(2), (3), and (4) detail the exact circumstances in which
8  Chase would have notice giving rise to possible liability, but plaintiffs have not plead facts falling
9  into any one of these three categories. Instead, they simply allege that Chase had "notice . . . of
10 Kazem's breach of fiduciary duty in engineering a wrongful payment of the money to herself
11 personally." *Id.* ¶ 27.

### III. CALIFORNIA COMMERCIAL CODE SECTION 3405

Section 3405 of the California Commercial Code applies to situations where "an employer entrusted an employee with responsibility with respect to the instrument and the employee . . . makes a fraudulent indorsement of the instrument." Cal. Com. Code § 3405(b). It "adopts the fundamental principle that the risk of loss for fraudulent indorsements by employees entrusted with the responsibility for checks should fall on the employer rather than the bank that takes the check or pays it." *Lee Newman, M.D., Inc. v. Wells Fargo Bank*, 87 Cal. App. 4th 73, 83 (2001). It also offers a mechanism to recover from banks, authorizing a "statutory cause of action for negligence against a depositary bank, permitting employers to recover from the bank where it failed to exercise ordinary care to the extent the failure to exercise ordinary care contributed to the loss." *Mills v. U.S. Bank*, 166 Cal. App. 4th 871, 889 (2008) (discussing Cal. Com. Code § 3405).

Chase's suggestion that Section 3405 is purely an affirmative defense and does not authorize an independent cause of action is not well-taken. *See Mills*, 166 Cal. App. 4th at 889-90; *Lee Newman, M.D., Inc.*, 87 Cal. App. 4th at 84. Even so, plaintiffs have fallen far short of pleading facts necessary to maintain a cause of action under Section 3405. To start, plaintiffs say only that "Chase paid the instrument Kazem created which she made payable to herself." Dkt. No. 40 ¶ 29. Because plaintiffs did not allege that they entrusted Kazem with responsibility for a

3

1 relevant instrument, they did not demonstrate that Section 3405 is in play.  Plaintiffs' cursory

2 allegations that Chase failed to exercise "ordinary care" are similarly insufficient.  *Id.* ¶ 29.

## IV.   NEGLIGENCE

The parties squabble about whether plaintiffs had leave to add a new negligence claim.  The Court stated in the dismissal order that no new claims or parties could be added without prior approval.  Dkt. No. 37 at 6.  The prior complaint did not have a negligence claim, *see* Dkt. No. 1, and plaintiffs did not ask for permission to add one.  Consequently, it was improper to lob one in here.

The negligence claim is also inadequately alleged.  The existence of a duty of care is the cornerstone of negligence.  *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1196-97 (9th Cir. 2001) (cleaned up); *Tetra Tech EC, Inc. v. CH2M Hill Inc.*, No. 20-CV-04704-JD, 2022 WL 254346, at *1 (N.D. Cal. Jan. 27, 2022).  "Whether a legal duty exists in a given case is primarily a question of law."  *Wylie v. Gresch*, 191 Cal. App. 3d 412, 416 (1987).  Plaintiffs posit, as an unadorned legal conclusion, that they were owed a "duty of due care."  Dkt. No. 40 ¶ 32.  But banks typically do not owe a duty of care to noncustomers even if the noncustomer is the person in whose name an account was fraudulently opened.  *See Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.*, 49 Cal. App. 4th 472, 479-81 (1996).  Plaintiffs say in an equally conclusory fashion that Immunogenetics was a Chase customer, Dkt. No. 44 at 11, but did not alleged facts to plausibly establish a banking relationship with it.  *See Rodriguez v. Bank of the West*, 162 Cal. App. 4th 454, 460 (2008) (to establish that a plaintiff was a customer of a bank, plaintiff must "allege facts to suggest he . . . had a contractual relationship with [the] bank" or "consented to the opening of any of the accounts").  Consequently, plaintiffs did not plausibly allege that Chase owed them a duty of care that could give rise to a negligence claim.

## V.   FRAUD AND DECEIT

Plaintiffs' fraud claims again miss the mark.  "The elements of fraud under California law are (1) a misrepresentation (i.e. a false representation, concealment, or nondisclosure), (2) scienter or knowledge of its falsity, (3) intent to induce reliance, (4) justifiable reliance, and (5) resulting damage."  *Deno v. State Farm Gen. Ins. Co.*, No. 22-CV-00513-JD, 2022 WL 4112358, at *3

4

(N.D. Cal. Sept. 9, 2022). Rule 9(b) applies here and requires that a party identify "the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *United States ex rel. Anita Silingo v. WellPoint, Inc.*, 904 F.3d 667, 677 (9th Cir. 2018) (cleaned up).

The Court dismissed plaintiffs' fraud claim because they had failed to plead the third element at all, and the fourth element, justifiable reliance, needed to be "spelled out in greater detail." Dkt. No. 37 at 5. Plaintiffs' apparent solution in the amended complaint was to simply allege in a purely conclusory manner that Chase's agents "intended to induce Plaintiffs to rely upon their misrepresentation that the account was 'frozen.'" Dkt. No. 40 ¶ 44. This did not address the concerns in the prior order. Under California law, "[m]ere conclusory allegations that representations or omissions were intentional and for the purpose of defrauding and deceiving plaintiffs are insufficient." *Pemberton v. NationstarMortgage LLC*, 331 F. Supp. 3d 1018, 1047 (S.D. Cal. 2018) (cleaned up); *Goodman v. Kennedy*, 18 Cal. 3d 335, 347 (1976); *Linear Tech. Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115, 132 (2007). Additionally, plaintiffs did not allege any facts indicating that their claimed reliance "was justifiable or reasonable." *Goodman*, 18 Cal. 3d at 348.

## VI. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiffs' IIED claims were dismissed because they had inadequately pled that Chase's conduct was "outrageous." Dkt. No. 37 at 5-6. Plaintiffs were required to allege that Chase's conduct was "outrageous, that is, beyond all bounds of reasonable decency." *Barker v. Fox & Assocs.*, 240 Cal. App. 4th 333, 356 (2015). Although the question "whether conduct is 'outrageous' is usually a question of fact," *So v. Shin*, 212 Cal. App. 4th 652, 672 (2013), "many cases have dismissed intentional infliction of emotional distress cases on demurrer, concluding that the facts alleged do not amount to outrageous conduct as a matter of law," *Barker*, 240 Cal. App. 4th at 356.

The amended complaint did not cure the prior shortfall. Nothing in the complaint even hints at outrageous conduct rising to the level of an intentional infliction of distress by Chase. Plaintiffs again seek refuge in the purely conclusory allegation, unsupported by any facts, that

Chase "engaged in conduct that was outrageous with intent or reckless disregard to inflict injury or with the realization that injury was substantially certain to result from Chase's conduct." Dkt. No. 40 ¶ 49. This will not do. Plaintiffs' asides to the effect that Chase's agents were "despicable, and . . . brutally uncivilized," *Id.* ¶ 51, are aspersions, not facts.

Overall, the IIED claim remains inadequately pleaded and is dismissed on that basis. The Court need not take up Chase's statute of limitations claims with respect to IIED.

### VII.  VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200

The California unfair competition statute (UCL) "prohibits any 'unlawful, unfair, or fraudulent business act or practice.'" *Rosell v. Wells Fargo Bank, N.A.*, No. 12-cv-06321-JD, 2014 WL 4063050, at *5 (N.D. Cal. Aug. 15, 2014) (quoting Cal. Bus. & Prof. Code §17200). Plaintiffs alleges violations of all three prongs of Section 17200, claiming Chase's acts were unlawful, unfair, and fraudulent. Dkt. No. 40 ¶¶ 34-39.

The UCL claims based on the "unlawful" and "fraudulent" prongs are again dismissed, because these claims rest on already-dismissed claims. With respect to the "unfair" prong, plaintiffs have not attempted to address the shortfalls in the prior complaint. The Court stated that plaintiffs had offered no case law or statutory analysis in support of their application of the "unfair" prong to the facts alleged. Dkt. No. 37 at 5. Plaintiffs did not add anything materially new on this score in the amended complaint.

### CONCLUSION

The amended complaint is dismissed. Plaintiffs have now had multiple opportunities to plausibly allege a claim against Chase, including substantial guidance by the Court on what would be required to do so. Nothing in the record indicates that further amendment would be productive. Consequently, leave to amend again is denied, and the case is closed. *See Rasooly v. Peine*, No. 15-CV-04540-JD, 2016 WL 3443382, at *2 (N.D. Cal. June 23, 2016).

**IT IS SO ORDERED.**

Dated: December 5, 2023

_____
JAMES DONATO
United States District Judge